UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA DEGOLYER and CONSUELA CAPPS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:14-cv-01288-TWP-DML ) |
| MORGAN COUNTY SHERIFF'S DEPARTMENT, ROBERT J. DOWNEY Morgan County Sheriff, and NICHOLAS TANKERSLEY, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

Plaintiffs Lisa DeGolyer and Consuela Capps (collectively, "Plaintiffs"), brought this action against the Morgan County Sheriff's Department ("Department"), Morgan County Sheriff Robert Downey ("Sheriff"), and Nicholas Tankersley ("Deputy Tankersley"). Plaintiffs allege, among other things, that Deputy Tankersley, who was then a correctional officer employed by the Department, sexually assaulted, battered, and intimidated them during their incarceration. Plaintiffs seek redress under 18 U.S.C. § 1983 for violation of their Fourth, Eighth and Fourteenth Amendment rights. Plaintiffs also assert state law claims for negligence and intentional infliction of emotional distress and seek punitive damages and attorney fees in connection with these claims.

Sheriff and the Department have filed a motion to dismiss ([Filing No. 12](Filing No. 12)) on a number of grounds. They maintain in their motion that (1) Plaintiffs cannot recover punitive damages or attorney fees against them on their state law claims; (2) the allegations in Plaintiffs' Complaint preclude their state law claim against the Sheriff; (3) the Complaint fails to state a Section 1983 claim against the Department, and would in any event not support an award of punitive damages; (4) because the Sheriff has not been expressly sued under Section 1983 in his individual capacity,

the claim is construed as an official capacity claim and fails for the same reasons the Section 1983 claims against the Department fail; (5) if sued individually, the Section 1983 claims against the Sheriff fail because they do not allege his personal involvement; (6) the Sheriff is entitled to qualified immunity; and (7) the federal claims against all Defendants should be dismissed because the Plaintiffs did not comply with the Prison Litigation Reform Act. The Sheriff and the Department request dismissal with prejudice of all the above-described claims.

If the Sheriff and the Department prevail on all of these arguments, then the only claims that survive their motion to dismiss are the state law claims against the Department and Deputy Tankersley. Plaintiffs have filed a response to the motion to dismiss that simply and without argument agrees to dismiss *without prejudice*, all of the claims the Sheriff and Department have moved to dismiss. They further agree to "remand their state law claims against Defendants Morgan County Sheriff's Department and Nicholas Tankersley for refiling in state court." ([Filing No. 20](#) § 7) The case, however, was not removed from state court, therefore the concept of "remand" is not possible. Defendants did not file a reply brief, so the Court assumes Defendants accede to Plaintiffs' proposal of dismissal without prejudice in lieu of a substantive argument on whether they are entitled to dismissal with prejudice.

As a result of Plaintiffs' concession that all federal claims against all Defendants should be dismissed, this Court lacks subject matter jurisdiction. As stated earlier, the Court cannot "remand" the case because it was originally filed here. Rather, the Plaintiffs must file their remaining state law claims in state court.

## CONCLUSION

The following claims are **DISMISSED WITHOUT PREJUDICE**: all claims against Sheriff Robert Downey, all claims asserted against the Morgan County Sheriff's Department under

2

state law for punitive damages and attorney fees, and all Section 1983 claims against all Defendants. The claims that remain are the Plaintiffs' state law claims against the Morgan County Sheriff's Department and Nicholas Tankersley. Because the Section 1983 claims, which are the only claims that provided for subject matter jurisdiction over this case, have been dismissed, and because this action has not significantly progressed, the Court declines to exercise its supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). This action is therefore **DISMISSED WITHOUT PREJUDICE.**

A separate entry of final judgment shall issue as this court lacks jurisdiction.

**SO ORDERED.**

Date: 01/21/2015

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James S. Stephenson
Michael R. Morow
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com
mmorow@stephlaw.com

Christopher D. Wyant
BROWN TOMPKINS LORY & MASTRAIN
cwyant@btlmlaw.com

Nicholas Tankersley
1216 West Vincennes Street
Linton, Indiana 47441